IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ELIAS ESPINOZA LOPEZ,

        Defendant.

_____

CR 03-242-05-RE
CV 05-85-RE

OPINION AND ORDER

Kathleen Bickers
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Elias Espinoza Lopez
Federal Registration No. 67257-065
CI Taft Correctional Institute
P.O. Box 7001
Taft, CA 93268

    Defendant Pro Se

REDDEN, Judge:

    The matter before the court is defendant's motion (doc. 261) under 28 U.S.C. § 2255 (2255 motion) to vacate, set aside, or correct his sentence.

    On September 15, 2004, defendant plead guilty to count 1 of a fifth superseding indictment charging him with conspiracy to distribute cocaine. He signed a plea

1 -     OPINION AND ORDER

agreement wherein he and the government agreed to recommend that the court impose a two-level upward adjustment in his sentencing offense level for his role as a leader/organizer of the conspiracy.

Defendant was represented by counsel during plea negotiations with the government and the plea hearing. During the plea hearing, as evidenced by the transcript attached as an exhibit to the government's response, the court reviewed with defendant the terms of the plea agreement, including specific reference to the two-level role adjustment. Further, defendant's counsel has submitted to the court, as an exhibit to the government's response to defendant's 2255 motion, his affidavit attesting that he reviewed the plea agreement with defendant before the plea hearing and before he and defendant signed it.

In his 2255 motion, defendant alleges he received ineffective assistance of counsel, asserting that his plea agreement was maliciously altered to include the leader/organizer upward adjustment. Defendant also requests his sentence be corrected to remove any additional penalties for firearms, even though no firearms enhancement was requested or imposed.

To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) his counsel's performance was deficient in that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; and (2) the deficient performance prejudiced the defense (*i.e.*, counsel's errors were so serious as to deprive defendant of a fair trial – a trial whose results are reliable). Strickland v. Washington, 466 U.S. 668, 690 (1984). Failure to make the required showing on either prong defeats the ineffectiveness claim. Id. at 700.

To establish deficient performance of counsel, defendant must first demonstrate that counsel not only committed errors, but also performed outside the "wide range of professionally competent assistance." Id. at 690. Defendant must show that counsel's representation failed to meet an objective standard of reasonableness. Id. at 688. To establish prejudice, defendant must show that "there is a reasonable probability that,

2 -   OPINION AND ORDER

but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Even if a single aspect of counsel's conduct, considered alone, did not prejudice the defense, prejudice may result from the cumulative impact of multiple deficiencies.  Harris ex rel. Ramseyer v. Wood, 64 F.3d 1432, 1438 (9th Cir. 1995).

Basically, defendant must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted.  Tinsley v. Borg, 895 F.2d 520, 531-32 (9th Cir.), *cert. denied*, 498 U.S. 1091 (1990) (citing Strickland).  Judicial scrutiny must be highly deferential, with the court indulging in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Id.

In this case, there is no evidence to support defendant's contention that his plea agreement was maliciously altered.  Rather, the plea agreement, the transcript of the plea hearing, and the affidavit of his counsel all support a conclusion that defendant expressly agreed to the two-level upward adjustment in his sentencing offense level.  Thus, defendant's contention does not support a claim of ineffective assistance of counsel.

For the reason discussed above, defendant's motion (doc. 261) under 28 U.S.C. § 2255 is DENIED, and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated this   14th    day of September, 2005.

                         /S/ James A. Redden
                              James A. Redden
                          United States District Judge